ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   FAX: (408) 535-5081
   sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:19-cr-218-EJD |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JESSE MITCHELL, | |
| Defendant. | |

I.    INTRODUCTION

On May 9, 2019, Defendant Jesse Mitchell was charged in a two-count Indictment with two violations of 18 U.S.C. § 922(g) – Felon in Possession of a Firearm and Ammunition. Doc. No. 1. The Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). On February 2, 2023, the defendant plead guilty to Counts One and Two pursuant to a plea agreement. Doc. Nos. 62, 61. Judgment and Sentencing are currently set for November 5, 2024, at 1:30 p.m., before the Honorable Edward J. Davila, United States District Judge.

II.    NATURE AND CIRCUMSTANCES OF THE OFFENSES CHARGED

On February 9, 2016, the defendant sold a Glock 17, 9mm semiautomatic handgun (serial number: AND852) and ten rounds of 9mm ammunition to an ATF confidential informant in exchange

for $1,000. Dkt. 79 at ¶ 13 (Presentence Investigation Report ("PSR")). On February 26, 2016, the defendant sold an undercover ATF Special Agent a Smith & Wesson, .357 caliber revolver, model 686, bearing serial number AFR1719, in exchange for $800. *Id.* at ¶¶ 14-16. On April 6, 2016, the defendant sold an AR-type rifle, that had an unknown manufacture, caliber, model and no serial number, one 30 round magazine, and 50 Hornady .223 caliber ammunition to two undercover ATF Special Agents for $1,700. *Id.* at ¶¶ 17-18.

On June 14, 2016, the defendant sold a Ruger, .45 caliber, Model: P645, with an obliterated serial number, eight rounds of .45 caliber ammunition to an undercover ATF Special Agent in exchange for $900. *Id.* at ¶¶ 19-23 (Count 1). The defendant also indicated he could sell the undercover a "Tec-9" firearm with a silencer sand that he had an associate who could covert the firearm into a fully automatic. *Id.* at ¶ 25.

On August 5, 2016, the defendant sold a Kel-Tec – CNC Industries, Inc. P-11, .9mm caliber firearm, (Serial Number A9195), and six rounds of 9mm ammunition to an undercover ATF Special Agent in exchange for $750. *Id.* at ¶¶ 26-28 (Count 2.) The defendant told the undercover that the defendant usually sells "zips," or ounces, of powdered cocaine, and that he has access to "buckets" of methamphetamine. *Id.* at ¶ 29. The defendant introduced the undercover to his barber, and the there of them discussed narcotics and firearms. *Id.*

On September 6, 2016, the defendant met with an undercover ATF Special Agent to sell a 4095 Hipoint rifle, .40 caliber (Serial Number H19713), and ten .40 caliber ammunition, and to coordinate a methamphetamine sale by the defendant's associate. *Id.* at ¶¶ 30-31. The defendant was arrested at the meeting.

III.    CRIMINAL HISTORY

Mr. Mitchell is a 35-year-old man with prior felony and misdemeanor convictions, including first- and second-degree burglary, driving under the influence of alcohol, and violating a court order to prevent domestic violence. PRS at ¶¶ 52-60. The United States agrees with Probation's calculation that the defendant is in Criminal History Category V, which includes committing the instant offenses while on probation for another crime. *Id.* at ¶¶ 62-63.

///

## IV. TOTAL OFFENSE LEVEL

The United States agrees with the enhancements and adjustments applied by Probation in calculating the defendant's Total Offense Level. The United States disagrees with Probation as to the base offense level. Probation calculates a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B)(i) and (ii), PSR 39, while the United States agreed in the defendant's plea agreement that the base offense level is 14 pursuant to U.S.S.G. §2K2.1(a)(6)(A), Doc. 61 at 5:15. Accordingly, the United States calculates a Total Offense level of 17, while Probation calculates a Total Offense Level of 23. With a Criminal History Category of V, the advisory guidelines range is 46-57 months under the United States' calculation, and 84-105 months under Probation's calculation.

## V. SENTENCING FACTORS FOR CONSIDERATION

Factors appropriate for consideration pursuant to § 3553(a) include not only the nature and circumstances of the offense, but the history and characteristics of Mr. Mitchell, and his post-offense rehabilitation progress. Additionally, the Court must consider whether the sentence reflects the seriousness of the offenses; whether the punishment affords adequate deterrence to criminal conduct; whether the sentence protects the public from future crimes of the defendant; and whether the sentence provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The seriousness of Mr. Mitchell's crimes, along with his criminal history, are properly recognized in the Sentencing Guidelines range of 46-57 months. Although the crimes are serious, the defendant engaged in rehabilitation efforts that should be considered by this Court in imposing an appropriate sentence. Mr. Mitchell was accepted into the Conviction Alternatives Program ("CAP") on October 24, 2023. PSR at ¶ 10. At first he was reserved and apprehensive, but as he continued to participate, his confidence in CAP grew. *Id.* at ¶ 11. He has regained his California driver's license after multiple charges for driving under the influence, works full time, successfully secured his own apartment after living in a Sober Living Environment, receives substance abuse counseling, and has been sober from cocaine and alcohol since April 2023. *Id.* at ¶ 10-11. He is expected to graduate from CAP on November 5, 2024. *Id.* at ¶ 10.

Mr. Mitchell's participation in CAP has afforded him the opportunity to address his addiction

through the difficult work that changing one's lifestyle demands. Although the instant offense is serious, he has shown he is a valuable member of the community, given the right environment and social support.

VI.   SENTENCING RECOMMENDATION

Probation recommends a variance from the Guidelines for a sentence of time served, a 3-year term of supervised release and a $200 mandatory special assessment. The United States does not make a sentencing recommendation in this case but urges the Court to impose a sentence that protects the community while recognizing Mr. Mitchell's successful accomplishments.

DATED:  October 24, 2024                                  Respectfully submitted,

                                                          ISMAIL J. RAMSEY
                                                          United States Attorney

                                                              /s/
                                                          SARAH E. GRISWOLD
                                                          Assistant United States Attorney